J-S22028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GABRIEL CRUZ | : | |
| | : | |
| Appellant | : | No. 2084 EDA 2020 |

Appeal from the PCRA Order Entered September 24, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011957-2010

BEFORE:     BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED FEBRUARY 15, 2023**

Gabriel Cruz (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first, timely Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant was convicted by a jury of attempted murder, aggravated assault, and conspiracy to commit aggravated assault.[2]  Appellant raises a new claim for the first time in this appeal: that PCRA counsel was ineffective for not challenging the legality of his 20 to 40-year enhanced sentence for attempted murder under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000).  Rather than reviewing this claim of ineffective assistance, we *sua sponte* address the underlying illegal

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2502(a), 2702(a), 903(a), respectively.

sentence issue[3] and conclude the sentence was unlawful under ***Apprendi*** because the jury did not render any finding as to the predicate fact for an enhanced sentence — that serious bodily resulted from the attempted murder. Thus, we reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

## I.  Facts & Procedural History

A detailed discussion of the underlying facts was presented in this Court's direct appeal memorandum.[4]  For our present disposition, we may summarize the following:  on May 9, 2010, Mother's Day, two neighboring families on West Butler Street in Philadelphia were involved in a dispute over a parking space.  ***See*** N.T. Trial Vol. 1, 9/20/12, at 17.  There were multiple confrontations, which escalated to a "melee" on the street.  ***See Cruz***, 611 EDA 2014 at 2.  Ultimately, Appellant restrained the arms of Felix Santos (the Victim) while Jose Torres (Co-Defendant) stabbed the Victim multiple times in the chest and torso.  "Due to extreme blood loss and the resulting loss of

---

[3] This Court may consider an issue of illegality of sentence *sua sponte*, so long as we have proper jurisdiction over a matter.  ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).  Appellant filed a timely PCRA petition and a timely notice of appeal, and thus we have jurisdiction over this appeal.

[4] ***See Commonwealth v. Cruz***, 611 EDA 2014 (unpub. memo. at 1-4) (Pa. Super. May 12, 2015), *appeal denied*, 89 EAL 2018 (Pa. July 3, 2018).

oxygen to the brain, [the Victim] was put on life support, and is expected to remain in a vegetative state for the duration of his life."[5]  **Id.** at 1.

Appellant was charged with, *inter alia*, attempted murder, aggravated assault, and conspiracy to commit aggravated assault.  This case proceeded to a joint jury trial with Co-Defendant and a third defendant, Khalief Green, on September 12, 2012.[6]  The jury found Appellant guilty of all three of the above-listed offenses.

On September 26, 2013, the trial court initially imposed sentences on each of Appellant's three convictions, all to run consecutively, for an aggregate term of 40 to 80 years' imprisonment.  Upon Appellant's motion for reconsideration, however, the trial court agreed that the sentences for

_____

[5] The certified record does not indicate the Victim's health status as of the March 2019 PCRA petition.

[6] Appellant and Co-Defendant are brothers-in-law.  **Cruz**, 611 EDA 2014 at 2. The jury found Co-Defendant guilty of the same offenses as Appellant: attempted murder, aggravated assault, and conspiracy to commit aggravated assault.  N.T. Trial Vol. 5, 9/28/15, at 139-140.  Like Appellant, Co-Defendant was initially sentenced to an aggregate term of 40 to 80 years' imprisonment, but following reconsideration, received a new aggregate sentence of 30 to 60 years.  This Court affirmed Co-Defendant's judgment of sentence on direct appeal in 2015, as well as the dismissal of his first, timely-filed PCRA petition in 2020.  **Commonwealth v. Torres**, 2382 EDA 2018 (unpub. memo.) (Pa. Super. Sept. 15, 2020), *appeal denied*, 379 EAL 2020 (Pa. Apr. 7, 2021); **Commonwealth v. Torres**, 464 EDA 2014 (unpub. memo.) (Pa. Super. Mar. 24, 2015).

The third co-defendant, Khalief Green, was dating the cousin of Co-Defendant.  N.T. Trial Vol. 1 at 23-24.  Green was found not guilty of all charges.  N.T. Trial Vol. 5 at 140-41.

attempted murder and aggravated assault should have merged. Thus, at a resentencing hearing on January 13, 2014, the court vacated the sentence for aggravated assault, and re-imposed the same sentences of 20 to 40 years for attempted murder and a consecutive 10 to 20 years for conspiracy. Appellant's new aggregate sentence was thus 30 to 60 years.

Appellant filed a new post-sentence motion, which was denied, and then a timely direct appeal. This Court affirmed the judgment of sentence on May 12, 2015. Following the reinstatement of Appellant's right to file a petition for allowance of appeal, our Supreme Court denied allowance of appeal on July 3, 2018.

On March 5, 2019, Appellant filed a *pro se* timely, first PCRA petition[7] with an accompanying brief. The trial court appointed Thomas Coleman, Esquire (PCRA Counsel), to represent Appellant. PCRA Counsel then filed a **Turner**/**Finley**[8] no-merit letter and petition to withdraw from representation, arguing Appellant's PCRA issues lacked merit. On July 9, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without

_____

[7] For PCRA filing purposes, Appellant's judgment of sentence became final on October 1, 2018, when the 90-day period to seek *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); Sup.Ct.R.13. Appellant then generally had one year, or until October 1, 2019, to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). The instant *pro se* petition was timely filed on March 5, 2019.

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

a hearing. The court also permitted PCRA Counsel to withdraw from representation, and appointed new counsel, James Berardinelli, Esquire.

Appellant did not file any response to the Rule 907 notice, and the PCRA court entered the underlying order on September 24, 2020, formally dismissing the PCRA petition. Attorney Berardinelli filed a timely notice of appeal on Appellant's behalf. Ultimately, Matthew Sullivan, Esquire, was appointed to represent Appellant. He filed a Rule 1925(b) statement, which raised one of Appellant's *pro se* PCRA petition issues — that trial counsel was ineffective for not calling his wife and mother-in-law as alibi witnesses.[9]

## II. Preservation of Issue

On appeal, Appellant abandons the Rule 1925(b) statement claim and presents a new issue for the first time:

> Did PCRA counsel provide ineffective assistance for not filing an amended PCRA petition alleging trial counsel's ineffectiveness for failing to object to [Appellant's] sentence for attempted murder, which violated ***Apprendi v. New Jersey***, 530 U.S. 466 (2000)?

***See*** Appellant's Brief at 5.

---

[9] We note that on October 27, 2020, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days, and there were no extensions of time granted. Attorney Sullivan was not appointed until December 9th, and he filed a Rule 1925(b) statement on June 13, 2021 — almost seven months after the 21-day deadline. Nevertheless, we decline to find waiver for an untimely Rule 1925(b) statement, where our Supreme Court has held a criminal defense attorney's failure to file a timely Rule 1925(b) statement is *per se* ineffectiveness, for which the defendant is entitled to immediate relief. ***See Commonwealth v. Parrish***, 224 A.3d 682, 701-02 (Pa. 2020).

With respect to the preservation of this issue, Appellant relies on the Pennsylvania Supreme Court's October 20, 2021, decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), which held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.[ ]" ***See id.*** at 401. The Commonwealth agrees that ***Bradley*** applies, and it does not oppose a limited remand for reconsideration of the ineffectiveness claim raised on appeal.[10] Commonwealth's Brief at 7.

In any event, we observe the underlying issue in Appellant's ineffectiveness claim is the legality of his sentence, over which this Court's standard of review would be *de novo* and our scope of review plenary. ***See Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa. Super. 2017). In reviewing Appellant's arguments, we conclude we may *sua sponte* grant relief on the underlying legality of sentence issue. ***See Miller***, 102 A.3d at 995. Thus, we do not reach the separate question of PCRA Counsel's ineffectiveness.

_____

[10] Appellant filed his notice of appeal two days **after *Bradley*** was issued, and thus is entitled to the benefit of ***Bradley's*** holding. ***But see Commonwealth v. Washington***, 142 A.3d 810, 813 (Pa. 2016) (although "a new rule of constitutional law is generally retrospectively applicable . . . to cases pending on direct appellate review[,]" "a new constitutional rule of criminal procedure [generally] does not apply . . . to convictions that were final when the new rule was announced").

### III. Section 1102(c) & Case Authority

For ease of discussion, we first set forth the relevant provisions of Section 1102 of the Crimes Code, which governs sentencing for attempt to commit murder:

> **(c) Attempt, solicitation and conspiracy. —** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt . . . to commit murder . . . where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years.
>
> Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

**See** 18 Pa.C.S. § 1102(c) (paragraph break added). Accordingly, under the statute, the maximum sentence for attempted murder generally is 20 years, whereas the maximum sentence when serious bodily injury results[11] is 40 years. **Id.**

In **Apprendi**, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Barnes**, 167 A.3d at 116, *citing* **Apprendi**, 530 U.S. at 490.

---

[11] "The Crimes Code defines 'serious bodily injury' as [b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ.' 18 Pa.C.S.A. § 2301." **Barnes**, 167 A.3d at 116 at n.5.

In the Superior Court's *en banc* **Barnes** decision, the defendant raised an **Apprendi** challenge to his 20 to 40 year-sentence for attempted murder, arguing there was no jury finding that serious bodily injury arose from his commission of attempted murder. **Barnes**, 167 A.3d at 116. The **Barnes** Court extensively reviewed a 2006 decision, **Commonwealth v. Johnson**, 910 A.2d 60 (Pa. Super. 2006).[12] In both **Barnes** and **Johnson**: the defendants were not charged with attempted murder resulting in serious bodily injury; the juries were not presented with the question of whether serious bodily injury resulted from attempted murder; and saliently, the juries did not enter any finding that serious bodily injury resulted from the attempted murder. **Barnes**, 167 A.3d at 117-19. Furthermore, in **Johnson**, this Court rejected the trial court's reasoning "that serious bodily injury had been established because the jury found the defendant guilty of the companion offense of aggravated assault." **Id.** at 117, *citing* **Johnson**, 910 A.2d at 67.

_____

[12] In **Barnes**, the defendant twice strangled his minor girlfriend until she lost consciousness. **Barnes**, 167 A.3d at 114. When the victim regained consciousness the second time, "she was wrapped in a blanket and lying head-first in a recycling dumpster under" a bridge. **Id.** The victim suffered, *inter alia*, a broken vertebra in her neck. **Id.**

In **Johnson**, the victim had testified against the defendant's brother in an unrelated first-degree murder case. **Johnson**, 910 A.2d at 62. Three weeks later, the defendant ambushed the victim and her sister as they were walking home. **Id.** "[T]he defendant pointed a handgun at the victim's head and fired but missed[,] pursued the victim and fired several more rounds at her, striking [her] in the heel of her foot." **Barnes**, 167 A.3d at 117.

The **Johnson** Court reasoned, under an **Apprendi** review, it was the jury's sole responsibility "to find, beyond a reasonable doubt, whether a serious bodily injury resulted from the instant attempted murder." **Id.**

In light of the foregoing, the **Barnes** Court agreed with the defendant that the trial court erred, under **Apprendi**, "in sentencing [him] to the maximum term of imprisonment of 40 years for attempted murder because the jury did not determine that serious bodily injury occurred relative to the attempted murder charge." **Barnes**, 167 A.3d at 119.

### IV. Analysis

Appellant avers PCRA Counsel was ineffective for not filing an amended PCRA petition and challenging his attempted murder sentence of 20 to 40 years' imprisonment.[13]  With respect to the underlying issue, Appellant maintains the sentence was unlawful pursuant to **Apprendi**, **Barnes**, and **Johnson** because the jury did not return any finding of serious bodily injury

---

[13] This Court has stated:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

**Commonwealth v. Timchak**, 69 A.3d 765, 769 (Pa. Super. 2013) (citations omitted).

with respect to attempted murder. Appellant further contends PCRA Counsel had no reasonable basis for this action, as "[t]here was no possible strategic reason for trial counsel not to object" to the sentence. Appellant's Brief at 14. Finally, Appellant maintains, he was prejudiced by PCRA Counsel's ineffectiveness, where his (Appellant's) maximum sentencing exposure for attempted murder would have been halved. We agree that the underlying issue merits relief.

At trial, the trial court did not charge the jury, **with respect to the attempted murder charge**, with finding whether Appellant caused the Victim serious bodily injury.[14] **See** N.T. Trial Vol. 5 at 119-21 (jury charge for attempted murder). Although the trial court properly charged the jury, with respect to the **aggravated assault** charge, with whether Appellant caused serious bodily injury to the Victim, there was no similar charge with respect to the **attempted murder** charge. **See id.** at 122. In any event, the jury's hand-completed verdict sheet, the jury's oral reading of its verdict on the record, and the "Trial Disposition and Dismissal Form" verdict report did **not** include any such finding by the jury. **See id.** at 141. Accordingly, we deem the circumstances in this matter are analogous to those in **Barnes** and

_____

[14] Instead, the trial court charged the jury with finding whether: (1) Appellant, or his co-conspirator or accomplice, committed the act of stabbing the Victim; (2) Appellant or his co-conspirator or accomplice committed the act with the intent to commit murder; and (3) the act constituted a substantial step toward the commission of the crime. N.T. Trial Vol. 5 at 119-20.

*Johnson*, and consistent with those decisions, conclude Appellant's attempted murder sentence of 20 to 40 years' imprisonment runs afoul of *Apprendi*.

### V. Conclusion

We reiterate that Appellant presents this sentencing issue as a part of his ineffective assistance of counsel claim. However, as our standard of review of an illegal sentence claim is *de novo* and our scope of review plenary, we *sua sponte* grant relief on the underlying sentencing issue. *See Barnes*, 167 A.3d at 116; *Miller*, 102 A.3d at 995. Rather than remanding for the PCRA court to consider Appellant's ineffectiveness claim, we reverse the order dismissing the PCRA petition, vacate the judgment of sentence, and remand for resentencing consistent with this memorandum.

We acknowledge the devastating and permanent injuries sustained by the Victim, as well as the statements made by the Victim's wife at the September 26, 2013, sentencing hearing, as to both her husband and their three children. N.T. Sentencing, 9/26/13, at 19-21. Nevertheless, in light of Section 1102(c) and the above-discussed authority, we conclude that resentencing is required pursuant to *Apprendi*.

Order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Sullivan joins this Memorandum.

Judge Bowes files a Concurring Memorandum.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2023